UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRED MESI and ERIC MESI, | |
| Plaintiffs, | 3:08-cv-0486-LRH-RAM |
| v. | |
| WASHINGTON MUTUAL HOME LOANS, INC.; et al., | ORDER |
| Defendants. | |

Before the court are defendant Sierra Pacific Mortgage, Inc.'s ("Sierra Pacific) motion for summary judgment (Doc. #86[1]) and defendant California Reconveyance Company's ("CRC") motion for summary judgment (Doc. #87). Plaintiff Fred Mesi ("Mesi") filed an opposition (Doc. #90) to which moving defendants replied (Doc. ##91, 92).

**I.   Facts and Procedural History**

In February, 2007, Mesi refinanced real property through a mortgage note and deed of trust originated by defendant Sierra Pacific. Mesi defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Mesi filed a complaint against defendants alleging seven causes of action: (1) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; (2) violation of the

---

[1] Refers to the court's docket entry number.

1  Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; (3) violation of the Fair
2  Housing Act ("FHA"), 42 U.S.C. § 3601 et seq.; (4) injunctive relief; (5) civil conspiracy;
3  (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress.
4  Doc. #3. Thereafter, moving defendants filed the present motions for summary judgment on all
5  causes of action. Doc. ##86, 87.

**II.   Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material

1  fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for
2  the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of
3  evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;
4  there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

In their motions, moving defendants seek judgment as to all claims raised in Mesi's amended complaint. *See* Doc. ##86, 87. However, in his opposition, Mesi only opposes judgment as to his TILA, FHA, and civil conspiracy claims and does not oppose judgment as to the remaining causes of action. *See* Doc. #90. Accordingly, the court shall grant moving defendants motions as to the uncontested claims and address the contested claims below.

**A.   Truth In Lending Act**

The Truth in Lending Act was enacted to require certain disclosures by lenders to consumers and to provide uniformity in terminology and calculations used by lenders. *See* 15 U.S.C. § 1601 et seq. TILA provides for civil liability against "any creditor who fails to comply" with the requirements set forth in the statute. 15 U.S.C. § 1640(a).

Here, Mesi alleges that defendant Sierra Pacific failed to provide the necessary TILA disclosures in its closing documents. However, the undisputed evidence establishes that Mesi received and signed all loan documentation including the TILA disclosure. Doc. #86, Exhibit C., Mesi Depo., p.26:16-17; 34:20 - 35:21. Further, Mesi's TILA claim is overly vague and fails to identify a single statutory section that defendants violated. Thus, the court finds that Mesi has failed to establish a TILA claim against Sierra Pacific.

Additionally, the court finds that Mesi cannot state a TILA claim against defendant CRC as a matter of law. CRC, as the trustee listed on the deed of trust, is not a creditor as defined under TILA. TILA defines a "creditor" as a person who both (1) regularly extends consumer credit and (2) is the person to whom the debt from the transaction is initially payable. 15 U.S.C. § 1602(f).

3

1  CRC was not involved in the origination of the loan and does not extend consumer credit.
2  Therefore, the court finds that CRC is entitled to summary judgment on Mesi's TILA claim.

### B. Fair Housing Act

In the context of mortgage lending, the FHA prohibits a lender to discriminate in making a loan to any person based on their race, color, national origin, sex, religion, familial status, or disability. *See* 42 U.S.C. § 3601, et seq.

Here, Mesi claims that he was discriminated against by defendants based on his age. However, age is not a protected category under the FHA. *See* 42 U.S.C. § 3601, et seq. Further, there is no evidence before the court that the terms provided to Mesi were more financially burdensome and less attractive than those offered to other borrowers with the same financial and credit credentials. Therefore, the court finds that Mesi has failed to establish a claim under the FHA.

Additionally, the court finds that Mesi cannot state a claim under the FHA as to defendant CRC as a matter of law. The FHA applies to the selling, renting, brokering, appraising and marketing of real property. *See* 42 U.S.C. § 3601, et seq. CRC, in its role as trustee, did not engage in any real estate related transaction to which the FHA applies, nor was it involved in the origination of Mesi's loan. Therefore, the court finds that CRC is entitled to summary judgment on Mesi's FHA claim.

### C. Civil Conspiracy

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the plaintiff must establish with particular specificity "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, there is no evidence before the court that establishes that the defendants in this action

had an agreement to defraud Mesi. Mesi has not provided the court with any evidence of any false representations made by moving defendants that would support an underlying claim for fraud. Further, there is no evidence establishing how moving defendants joined in any conspiracy or how they individually participated in any fraud. Accordingly, the court shall grant moving defendants' motions at to this issue.

IT IS THEREFORE ORDERED that defendant Sierra Pacific Mortgage, Inc's motion for summary judgment (Doc. #86) and defendant California Reconveyance Company's motion for summary (Doc. #87) are GRANTED.

IT IS SO ORDERED.

DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE